An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

SERGIO DAVILA HARO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66405

**FILED**

MAY 19 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE AND REMAND TO CORRECT A CLERICAL ERROR

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of sale of a controlled substance, two counts of allowing a child to be present during commission of a controlled substances violation, one count of transporting a controlled substance, and two counts of trafficking in a controlled substance. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Appellant Sergio Davila Haro contends that the prosecutor committed misconduct during rebuttal by stating "[d]on't help the guilty. Don't become part of [the] crime." We conclude that no relief is warranted. During trial, Haro admitted that he committed the charged crimes. Haro then sought to explain why he committed the charged crimes. The district court prohibited him from doing so on the basis that his motivations were irrelevant. During closing argument, counsel for Haro again conceded that Haro was guilty but argued that he should not be held responsible because he "wasn't the type of person" who usually committed the charged crimes. The State's comment was in response to this improper argument and does not warrant reversal—particularly where Haro's guilt was not contested. *See Ybarra v. State*, 103 Nev. 8, 15, 731 P.2d 353, 358 (1987)

15-15398

(declining to find reversible error where defense counsel invited the State's argument).

We also note that the judgment of conviction contains a clerical error. The State conceded below that it presented insufficient evidence to support the trafficking charge relating to count V in the information. The jury acquitted Haro of count V, but the judgment of conviction indicates that Haro was found guilty, and Haro was sentenced on the count. Following this court's issuance of its remittitur, the district court shall enter a corrected judgment of conviction. *See* NRS 176.565 (providing that clerical errors in judgments may be corrected at any time). Accordingly, we

ORDER the judgment of conviction AFFIRMED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Douglas

CHERRY, J., concurring:

I conclude that the prosecutor's statement was improper. *See Williams v. State*, 103 Nev. 106, 110, 734 P.2d 700, 703 (1987). However, I agree that Haro is not entitled to relief under the circumstances.

_____, J.
Cherry

 

cc: Eighth Judicial District Court Dept. 20
Sanft Law, P.C.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk